FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 10, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY GRISBY,<br><br>Defendant. | No. 2:25-CR-00088-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING<br><br>**ECF No. 39** |

On Tuesday, December 9, 2025, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 39). Defendant was represented by court-appointed attorney David Miller. Assistant United States Attorney Annika Tangvald represented the United States by video from Spokane, Washington.

The Court has considered the Indictment (ECF No. 1), the Petitions (ECF Nos. 24, 26), the Violation Reports (ECF Nos. 24-1, 26-1), Defendant's Motion to Reopen Detention Hearing (ECF No. 39), the Pretrial Services Report (ECF No. 10), the Supplemental Pretrial Services Report (ECF No. 17), and the arguments of counsel.

On July 1, 2025, the Court held the first detention hearing in this case, and the Court denied the United States' Motion for Detention (ECF No. 8), releasing Defendant on pretrial conditions. ECF No. 23. The Court considered the 18

ORDER - 1

U.S.C. § 3142 factors and held that Defendant's history and characteristics weighed in favor of release. *Id.* Specifically, the Court reasoned that Defendant's "significant family support," the fact that "Defendant has been out of custody and on state supervision for a significant period of time in relation to the same allegations set forth in the federal Indictment with no violations reported," and the fact that "Defendant voluntarily entered substance abuse treatment on his volition," outweighed Defendant's criminal history and substance abuse history such that release was warranted. *Id.* at 4–5. The Court released Defendant on standard and special conditions, including substance-use testing and treatment, an alcohol prohibition, GPS monitoring, and home detention. *Id.* at 5–8.

Subsequently, pretrial release petitions were filed alleging that Defendant violated his pretrial release conditions by (1) leaving his residence without advanced permission; (2) traveling outside of the Eastern District of Washington without advanced approval; (3) entering a casino; (4) having alcohol in his home; and (5) having marijuana plants in his home. ECF Nos. 24, 26, Violation Nos. 1–5.

On August 5, 2025, the Court held an initial appearance on the pretrial release petitions, as well as a detention hearing. ECF No. 35. The Court found that Defendant violated his pretrial release conditions by traveling to a casino in Pendleton, Oregon, which is outside of the Eastern District of Washington,

ORDER - 2

entering the casino, and having marijuana present in his residence. *Id.* The Court granted the United States' Motion for Detention (ECF No. 30) after finding under § 3148 that there was "clear and convincing evidence that Defendant violated the conditions of his pretrial release," and that "Defendant is 'unlikely to abide by any conditions or combination of conditions of pretrial release.'" *Id.* (citing 18 U.S.C. § 3148(b)(2)(B)). The Court reasoned that Defendant's explanations for the violations were not credible. *Id.* Specifically, the Court noted that Defendant's explanation that he unknowingly traveled to the casino while his sister drove the vehicle and that he only entered the casino to find his sister upon waking up was (1) not credible, and (2) disproven by GPS data showing Defendant entering the casino only three minutes after arriving in the casino parking lot. *Id.*

Now, Defendant requests release to inpatient treatment at Merit Resources, in Pasco, Washington, on December 11, 2025. ECF No. 39. Defendant indicates that he has been assessed by Merit Resources and received a recommendation for level 3.5 intensive inpatient treatment. *Id.* The United States opposes Defendant's release to inpatient treatment.

A defendant who violates a condition of pretrial release "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Judicial officers are directed to use a two-prong analysis when determining whether to revoke and detain or to continue and release.

ORDER - 3

First, the judicial officer shall determine whether there is either (A) "probable cause to believe that the person has committed a Federal, [Tribal,] State, or local crime while on release," or (B) "clear and convincing evidence that the person has violated any other condition of release."  § 3148(b)(1).

Here, the Court already found by clear and convincing evidence that Defendant violated pretrial release conditions by traveling to a casino in Pendleton, Oregon, which is outside of the Eastern District of Washington, entering the casino, and having marijuana present in his residence.  ECF No. 35.

Second, the judicial officer shall determine whether (A) "based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," or (B) "the person is unlikely to abide by any condition or combination of conditions of release." § 3148(b)(2).[1]

Here, while the Court previously found Defendant "'unlikely to abide by any conditions or combination of conditions of pretrial release,'" ECF No. 35 (citing 18 U.S.C. § 3148(b)(2)(B)), Defendant's procurement of an inpatient bed date

---

[1] The alternative finding that a defendant is unlikely to comply with available release conditions need only be established by a preponderance of the evidence.  See United States v. Gotti, 794 F.2d 773, 777 (2d Cir. 1986).

ORDER - 4

warrants reconsideration of this factor.

The United States contended that if released, Defendant would present both a risk of flight and a danger to the safety of the community, and that Defendant would be unlikely to abide by conditions of release. The United States argued that release to treatment would be fruitless because Defendant has failed to maintain his sobriety despite having multiple opportunities for substance-use treatment in the past. Additionally, the United States argued that Defendant's history of failing to appear for court, failing to comply with court orders, and failing to abide by release conditions demonstrates that Defendant will not abide by this Court's release conditions and therefore is a risk of flight and danger to the community.

Defendant, through counsel, contended there are conditions he would abide by that the Court could impose to assure Defendant would not flee or pose a danger to the safety of the community if released. Defendant argued that treatment will be beneficial to him because he has been sober for a long period of time and is looking at the world through different eyes than he did previously. Additionally, Defendant argued that he has demonstrated he is not a flight risk by turning himself in on the pretrial release violation warrant despite being informed by his counsel that the Court would not release him.

While Defendant's procurement of an inpatient bed date warrants reconsideration of this second prong of the § 3148(b) analysis, reconsideration

ORDER - 5

does not lead to a different result because the availability of treatment does not change the fact that Defendant recently provided explanations for his violations that the Court found were not credible. *Id.* In other words, the Court found that Defendant was not being truthful. As such, Defendant cannot be trusted to comply with supervision while participating in inpatient treatment.

Additionally, Defendant previously attempted to excuse his behavior by asserting that he misunderstood his conditions of release. If Defendant did not understand the conditions despite the Court issuing them in writing and United States Probation/Pretrial Services reviewing the conditions with Defendant, then Defendant cannot be trusted to comply with conditions of release while in inpatient treatment.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention (**ECF No. 39**) is **DENIED**.

2. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel. LCrR 46(k)(1). The party shall then promptly file a motion for review before the assigned District Judge. LCrR 46(k)(3). If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge. *Id.*

3. Defendant is bound over to Judge Thomas O. Rice for further

ORDER - 6

proceedings.

**IT IS SO ORDERED.**

DATED December 10, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 7